UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEA MAR MANAGEMENT LLC, | * |
| | *    CIVIL ACTION NO: _____ |
| versus | * |
| | *    SECTION:   \_\_ |
| ATEL MARITIME INVESTORS, L.P., | * |
| ATEL MARITIME INVESTORS, III, L.P. AND | * |
| KALAKANE, L.L.C. | * |
| | *    MAGISTRATE NO.: \_\_ |
| * * * * * * * * * * * * * * * * | * |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Sea Mar Management LLC ("Sea Mar"), who for its Complaint against ATEL Maritime Investors, LP, Atel Maritime Investors, III, L.P. and Kalakane, L.L.C. (collectively referred to as "ATEL"), would show as follows:

### JURISDICTION

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction over this action under 28 U.S.C. § 1333, as this is a claim that arises under the Court's admiralty and maritime jurisdiction. The underlying contracts in this matter, the Master Bareboat Charter Agreements, specifically state that the contract is "made under the maritime and admiralty laws of the United States and shall be construed and interpreted in accordance with said laws." *See* Exhibit "A."

### VENUE

2.

Venue is proper in this Court because the Master Bareboat and Charter Agreements

executed by the parties provides, under Article 16, for exclusive venue in this Court.  *See* Exhibit "A."

Plaintiff invokes Rule 9(h) of the Federal Rules of Civil Procedure and elects to waive trial in front of a jury.

## **PARTIES**

3.

Sea Mar Management LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Louisiana.

4.

ATEL Maritime Investors, L.P. is a limited partnership organized under the laws of the State of Delaware with its principal place of business in the State of California.

5.

Atel Maritime Investors, III, L.P. is a limited partnership organized under the laws of the State of Delaware with its principal place of business in the State of California.

6.

Kalakane, L.L.C. is a limited partnership organized under the laws of the State of Delaware with its principal place of business in the State of California.

## **FACTS**

7.

On April 21, 2008, ATEL filed a lawsuit against Sea Mar alleging breach of contract and accounting.  Subsequently, ATEL amended their complaint against Sea Mar and alleged claims of fraud, unjust enrichment, intentional interference with contract, intentional misrepresentation or nondisclosure, and negligent misrepresentation and claiming damages in the amount of

$2,873,508.00, plus interest and attorney's fees.

8.

ATEL and Sea Mar entered into two Master Bareboat Charter Agreements ("MBCAs"), demising a total of four vessels of ATEL's vessels to Sea Mar. Article 19 of the MBCAs specifically provide: "If either party hereto engaged an attorney to enforce its rights against the other party and/or the Vessels under this Charter and/or institutes litigation to enforce such rights, the prevailing party shall be reimbursed by the other party for all attorneys' fees and expenses, court costs, expert fees, costs of Vessels arrest and seizure incurred thereby."

9.

A dispute arose under the MBCAs and ATEL filed a lawsuit in the Eastern District of Louisiana claiming that Sea Mar breached several provisions of the MBCAs. Specifically, ATEL alleged that Sea Mar violated Articles 1, 3(b), 3(i), 6(a), 6(b)(ii), 6(iii), 7(g), 8(b), 10(iii), 12(b)(ii), and 15. The crux of the dispute was whether Sea Mar, by further subchartering these vessels had violated the terms of the MBCAs in such a way that ATEL was entitled to damages.

10.

After trial to the District Court, the District Court held that ATEL failed to carry its burden of proof on each of its causes of action against Sea Mar and rendered judgment in favor of Sea Mar and against ATEL. ATEL's claims were dismissed with prejudice.

11.

Sea Mar incurred $702,625.26 in attorney's fees and expenses defending against ATEL's allegations.

12.

A demand was made upon Atel for the $702,625.26 in attorney's fees and expenses.

13.

Since that time, the underlying action has been appealed to the United States Court of Appeals for the Fifth Circuit, and Sea Mar has prevailed once again. Attorney fees have, therefore, continued to accrue in defending this matter.

## CAUSE OF ACTION – BREACH OF CONTRACT

14.

ATEL breached its contract with Sea Mar by not paying attorney fees and expenses in accordance with the terms of the MBCAs.

15.

Specifically, Article 19 of the Master Bareboat Charter Agreements provide:

> If either party hereto engages an attorney to enforce its rights against the other party and/or the Vessels under this Charter and/or institutes litigation to enforce such rights, the prevailing party shall be reimbursed by the other party for all attorneys' fees and expenses, court costs, expert fees, costs of Vessels arrest and seizure incurred thereby.

16.

Sea Mar prevailed in the action brought against it by ATEL and has incurred more than $702,625.02 in attorney's fees and expenses in defending this lawsuit. Sea Mar has continued to incur legal fees and expenses in connection with its defense of the appeal and is entitled to all amounts expended defending this lawsuit, including the appeal, under the terms of the MBCAs.

## **PRAYER**

17.

Sea Mar prays that Defendants be cited to appear and answer and that judgment be rendered in its favor and against ATEL for its damages stated herein together with legal interest from date(s) due per the relevant contracts or judicial demand at the latest, reasonable attorney's fees, all costs of these proceedings, expert expenses, and for all other orders, decrees and equitable and general relief to which it shows itself entitled.

Respectfully Submitted,

*/s/ Thomas J. Smith*
Thomas J. Smith (# 17148), TA
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
One Shell Square- 40th Floor
701 Poydras Street
New Orleans, Louisiana 70130
Telephone:   (504) 525-6802
Facsimile:   (504) 525-2456
*Counsel for Plaintiff, Sea Mar Management LLC*